

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-3671
Re: Sheriff who conveys temporarily
committed patient to State
Hospital is entitled to receive
actual expenses of transporta-
tion from county.

Your request for opinion has been received and carefully
considered by this Department. We quote from your request as
follows:

"A question has arisen in this county over the
amount of fees to be allowed the sheriff for convey-
ing a temporarily confined patient to the state
hospital.

Art. 3195c-3, Texas Civil Statutes, provides
that the county shall provide transportation to and
from state hospital for such person temporarily com-
mitted, but the county shall be reimbursed if the
patient or relatives are financially able to pay such
expenses.

"Art. 3194, Texas Civil Statutes, provides that
the expense of conveying all patients to the asylum
shall be borne by the counties from which they are
sent; and the counties shall pay same on sworn account
of such officer performing such service, showing in
detail the actual expenses incurred in the transporta-
tion, and again providing for reimbursement.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ...

"Art. 3195, Texas Civil Statutes, provides
that an officer who may convey the patient to the
asylum in accordance with the provisions of the pre-
ceding article shall be paid out of the funds of the
asylum at the rate of 10¢ per mile each for himself
and guard and patient going, and 10¢ per mile each
for himself and guard returning.

"You will note there is an obvious conflict as
to whether the county or the asylum shall bear the
transportation expense. There is also a conflict as
to whether the officer shall receive actual expenses
occurred in the transportation or be paid 10¢ per mile
each for himself and guard and patient going, and 10¢
per mile each for himself and guard returning.

"The questions we would like to have answered
are:

"1. Is the officer to be paid by the county or
by the asylum?

"2. Shall the officer be paid actual expenses
incurred only, or shall he be paid at the rate of 10¢
per mile each for himself and guard and patient going,
and 10¢ per mile each for himself and guard returning?

"I have been unable to find any decisions by
Texas Courts construing these statutes. We have a
specific case pending before the Probate Court at this
time, and would appreciate a ruling from your depart-
ment at your earliest convenience."

Article 3193o-1, Vernon's Annotated Texas Civil Statutes,
deals with the temporary commitment of mentally ill persons to
state hospitals for observation and/or treatment for a period
not to exceed 90 days. The statute was enacted in 1937 by the
45th Legislature of Texas. Section 3 of the act declares:

"Sec. 3. The county shall provide transporta-
tion to and from the State hospital for such person
temporarily committed to such hospital by the County
Court, but the county shall be reimbursed for such
expenses if the patient or relatives are financially
able to pay such expenses. The county committing
such person to a State hospital, acting through its

Hon. A. J. Luckett, page 3

County Court, shall provide all transportation ex-
penses of returning the patient from the State hospi-
tal to the committing county within five (5) days
after the hospital superintendent shall have mailed
a notice by registered mail to the committing
County Judge that the patient is to be released,
discharged, or furloughed. Said hospital charges
for the maintenance and treatment of such patient
shall be paid by such patient or such patient's
relatives, if they are financially able to pay,
in such amounts and at such times as may be required
by the State Board of Control in accordance with
the laws now in force or hereinafter enacted relating
to such charges of persons committed to State hospi-
tals by jury trial. The committing county shall be
liable to the State for the board and treatment of
the person for all the time he remains in the State
hospital after the expiration of the five-day period
after notice shall have been mailed to the County
Judge of said county as hereinbefore provided. The
County judge shall furnish to the State Board of
Control a financial and property statement or certi-
ficate concerning the property of said person, or
the property of such person's relative who may be
liable for such person's support."

Opinion No. O-3284 of this Department holds, among other
things, that if a sheriff transports a temporarily committed
person to the state hospital under Article 3193o-1, Vernon's
Annotated Civil Statutes, and under proper order of the court,
the sheriff would be entitled to receive from the county his
actual expenses incurred in the transportation of such person
to the state hospital. We enclose herewith a copy of said
opinion for your information.

This Department has repeatedly held that a sheriff is
entitled to receive only actual expenses incurred in conveying
a convicted lunatic to the asylum as authorized by Article 3194,
V. A. C. S. See the following opinions:

1. Opinion dated March 19, 1929, written by R. D.
   Cox, Jr., Assistant Attorney General,
2. Opinion dated June 7, 1927, written by Hon. H.
   Grady Chandler, Assistant Attorney General,
3. Opinion dated January 30, 1933, written by Hon.
   Homer C. DeWolfe, Assistant Attorney General,

Hon. A. J. Luckett, page 4

4. Opinion dated January 15, 1936, written by Hon.
   Joe J. Alsup, Assistant Attorney General.

The apparent conflict between Articles 3194 and 3195, V. A.
C. S. is explained in the opinion of this Department dated
January 30, 1933, written by Hon. Homer C. DeWolfe, referred to
above. We quote from said opinion as follows:

"As to the apparent conflict between Article
3194 and 3195, it is only necessary to quote you
three articles from Vernon's Sayles' Texas Civil
Statutes of 1914, which articles read:

"Art. 147. The expense of conveying to
their homes public patients discharged from
the asylum, and the necessary clothing fur-
nished to them at the time of their discharge,
shall be paid by the State."

"Art. 148. If any person confined in
the asylum shall escape therefrom, it shall be
the duty of any sheriff or peace officer to ap-
prehend and detain him and to report the same
to the County Judge of the County, and also to
the superintendent of the asylum, and upon the
order of either, to convey such patient back to
the asylum."

"Art. 149. Any officer who may convey a
patient to the asylum, in accordance with the pro-
visions of the preceding article, shall be paid
for such services out of the funds of the asylum,
at the rate of ten cents per mile for himself and
each necessary guard he may employ, going and
returning, and the same for the patient going,
the distance to be determined by the superintendent,
according to the most direct traveled route."

"It will be noted from a reading of the above
articles that the plain legislative intent as to the
mileage to be paid out of the funds of the asylum
was to include only escaped lunatics returned to
the asylum by the sheriff.

"The codifiers combined Article 147 and Article
149 into Article 3195, R.C.S. 1925, and designated

311

Article 148 as Article 3196. Therefore, the reference in Article 3195 to the provisions of 'the preceding article' refers to what is now Article 3196."

You are, therefore, respectfully advised that it is the opinion of this Department that your questions should be answered as follows:

1. The officer should be paid by the county.

2. The officer should be paid only actual expenses incurred in such transportation.

APPROVED JUN 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:N

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN